UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

DERREK D. ATKINSON,

Plaintiff,

v.

KENT COUNTY PUBLIC DEFENDERS OFFICE, et al.,

Defendants.
_______________________________/

Case No. 1:26-cv-01935

Hon. Paul L. Maloney
U.S. District Judge

# REPORT AND RECOMMENDATION

## I. Introduction

*Pro se* Plaintiff Derrek D. Atkinson filed this lawsuit against Defendants Kent County Public Defender's Office and his appointed attorney Justin McCarthy. ECF No. 1.

Plaintiff alleges that he is unhappy with his defense counsel. He says that his attorney showed him a video that has been tampered with. *Id.*, PageID.4. He alleges that he is facing a criminal sentence of 9 years for a crime that he did not commit. *Id*. He further alleges that his attorney and the prosector both know that the charges are false. *Id*. Plaintiff alleges that he has seen his attorney only a limited number of times, and his attorney is not doing what he is asking. *Id.*, PageID.5. Further, his attorney is recommending for him to take a plea deal. *Id*. Plaintiff expresses frustration that everything is taking too long. He asserts damages of $250,000.

On August 4 , 2026, Plaintiff was granted *in forma pauperis* status. ECF No. 10.

**II. Standard of Law**

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any action brought *in forma pauperis* if the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.* The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Although the plausibility standard is not equivalent to a "probability requirement, . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556).

In addition, the Court must read Plaintiff's *pro se* complaint indulgently, see *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true,

unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

**III. Analysis**

Plaintiff sues his appointed attorney, Justin McCarthy and the Kent County Public Defender's Office, because he is unhappy with his representation. Plaintiff is essentially asking the Court to interfere with his state criminal proceeding. "Since the beginning of this country's history Congress has, subject to few exceptions, manifested a desire to permit state courts to try state cases free from interference by federal courts." *Younger v. Harris*, 401 U.S. 37, 43 (1971). Generally, federal courts should abstain from deciding a matter that would interfere with pending state proceedings involving important state matters unless extraordinary circumstances are present. *Id.* at 44−55. This principle is based on notions of equity and comity, "and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways." *Id.* at 44. A federal court may raise abstention *sua sponte*. *O'Neill v. Coughlan*, 511 F.3d 638, 641-42 (6th Cir. 2008).

*Younger* generally permits a federal court to abstain from considering a plaintiff's claims where: (1) the state proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal questions. *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Criminal defendants "need be accorded only an opportunity to fairly pursue their constitutional claims in the

ongoing state proceedings . . . and their failure to avail themselves of such opportunities does not mean that the state procedures were inadequate." *Juidice v. Vail*, 430 U.S. 327, 337 (1977) (citing *Gibson v. Berryhill*, 411 U.S. 564, 577 (1973)).

Exceptions to the *Younger* abstention doctrine have been recognized in the following circumstances: (1) where "the state proceeding is motivated by a desire to harass or is conducted in bad faith," *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 611 (1975); (2) where "[a] challenged statute is flagrantly and patently violative of express constitutional prohibitions," *Moore v. Sims*, 442 U.S. 415, 424 (1979) (quoting *Huffman*, 420 U.S. at 611); and (3) where there is "an extraordinarily pressing need for immediate federal equitable relief," *Kugler v. Helfant*, 421 U.S. 117, 125 (1975). These exceptions have been interpreted narrowly. *Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir. 1986).

The three factors supporting *Younger* abstention are present in this case. First, Plaintiff's case is pending in state court. Second, Plaintiff's criminal proceedings involve important state interests. *See Younger*, 401 U.S. at 43 (recognizing that when the state proceeding is criminal in nature, the policy against federal interference is "particularly" strong); *see also Parker v. Turner*, 626 F.2d 1, 8 (6th Cir. 1980) (stating that "*Younger* established a near-absolute restraint rule when there are pending state criminal proceedings"). Third, the state court proceedings provide an adequate opportunity for Plaintiff to raise his claims.

Plaintiff's complaint alleges what appears to be a breakdown in his attorney/client relationship in his pending criminal trial. This is a matter that

Plaintiff needs to allow the state court to address. Plaintiff has not asserted that he had brought his concerns to the judge presiding in his criminal case. This Court should refrain from interfering with a state court criminal trial absent extraordinary circumstances. *Marjamaa v. Mitchell*, 2019 WL 58534, *1-2 (W.D. Mich., Nov. 8, 2019). In the opinion of the undersigned, Plaintiff has failed to assert allegations that could justify interference with his state criminal proceedings.

**IV. Recommendation**

Accordingly, the undersigned respectfully recommends that the Court dismiss the complaint because it is frivolous and fails to state a claim upon which relief may be granted.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated: August 5, 2026

/s/ *Maarten Vermaat*
MAARTEN VERMAAT
U. S. MAGISTRATE JUDGE